BUJOSA & JAUME, DEMANDANTE Y APELADA, *v.* SUCESORES DE GILET & ARCE, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre daños y perjuicios.

No. 2892.—Resuelto en julio 23, 1923.

HIPOTECA—ANTICRESIS—ARRENDAMIENTO—INCUMPLIMIENTO DE CONTRATO—FRAUDE—CONSPIRACIÓN—DAÑOS.—A estaba en posesión de la finca de B en virtud de un contrato de anticresis. Asegurándole a C que no tenía motivos para suponer que B pagara el importe de su deuda dentro de dos años y seis meses, A arrendó la finca a C por ese término con la condición de que el arrendamiento terminaría si B pagaba su deuda.  Más tarde A se combinó

con otras personas para reducir el importe de la deuda de B y voluntaria-
mente gestionó la terminación del arrendamiento. *Se resolvió:* que hubo
por parte de A un incumplimiento de su deber en ley y en equidad sufi-
ciente para convertir su actuación en fraudulenta y dar a C una acción
de daños y perjuicios por el fraude.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. G. Rodríguez.*

Abogado de la apelada: *Sr. R. Martínez Nadal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

Sucesores de Gilet & Arce estaban en posesión y dis-
frute de cierto edificio en Ponce por virtud de un contrato
de anticresis celebrado con un individuo de apellido Orta,
quien era su deudor por la suma de $2,364.35. Orta, según
parece, podía pagar esta deuda en cualquier momento y
rescatar el edificio. Mientras estaban en posesión de dicho
edificio Sucesores de Gilet & Arce lo arrendaron a la de-
mandante Bujosa & Jaume por un término de dos años y
seis meses sujeto únicamente a la condición de que el con-
trato de arrendamiento debía terminar si Orta pagaba la
deuda.

La apelada admite que si Orta voluntariamente pagaba
la deuda el contrato de arrendamiento terminaría. Tam-
bién admite que no había nada que impidiera a Sucesores
de Gilet & Arce o cualquiera que tuviera el título a la deuda
de poder cancelarla. Sostiene ella, sin embargo, que Suce-
sores de Gilet & Arce no harían nada voluntariamente para
terminar el convenio de arrendamiento y ella en efecto in-
siste en que la apelante inició o tuvo intervención en una
confabulación o conspiración para dar por terminado el
arrendamiento.

Hubo prueba tendente a acreditar que Bujosa y Jaume
estaban estableciendo una nueva panadería en Ponce; que
las indicaciones son que los panaderos de Ponce no que-
rían otro competidor; por lo menos que varias personas y
Sucesores de Gilet & Arce se combinaron para rebajar el

importe de la deuda de Orta y aceptar de él la suma de $1,864 en vez de $2,364.35 que él debía.

La demanda alegaba todos estos hechos suficientemente y más todavía. .Que la prueba tendió a demostrar una intervención por, parte de Arce en esta confabulación y la aceptación de él o de su firma de una suma menor al importe debido, no cabe duda alguna. La corte inferior tenía derecho, en vista de la prueba directa y circunstancial, a creer que después que Gilet & Arce había celebrado un contrato de arrendamiento con la apelada, la compañía apelante se combinó con otros y voluntariamente hizo gestiones por terminar el arrendamiento.

Este no es un caso de prueba testifical para variar los términos de un contrato escrito. La apelada admite las estipulaciones del contrato. Se opone ella a la actuación de la apelante por virtud de la cual se combinó para poner en práctica medio o medios que debían terminar el arrendamiento solemnemente celebrado.

Las palabras esenciales del contrato eran estas:

"Quinta.—Es condición expresa de este contrato, que si el deudor don Arístides Orta y Pérez, en cualquier momento antes de expirar el término de este arrendamiento, pagase a la arrendadora Sucesores de Gilet & Arce, S. en C., el montante de la deuda que motiva la anticresis a que están sujetos los bienes aquí referidos; desde que ese pago se haga quedará rescindido y cesará en el acto el arrendamiento que se hace por esta escritura y la arrendataria Bujosa & Jaume tendrá sólo una concesión de treinta días improrrogables para entregar todos los bienes que ha recibido en arrendamiento. Vencido ese término, el señor Orta y Pérez tendrá derecho y queda autorizado para tomar posesión inmediatamente de sus dichos bienes, sin necesidad de llenar requisitos previos de clase alguna, sino incautarse de ellos."

La apelada sostiene que no obstante el derecho de la apelante para exonerar al deudor Orta de su deuda, dicho apelante no tenía ningún derecho para aceptar voluntariamente menos del importe estipulado en perjuicio del ape-

lante. En otras palabras, que habiendo celebrado un con-
trato por el goce tranquilo con la apelada, la apelante no
podía aceptar un solo centavo menos sin infringir las con-
diciones de su contrato. La apelada parece tener razón
pero no nos interesa fundar nuestra decisión exclusivamente
en este aspecto técnico del caso.

Cuando la apelante celebró el contrato de arrendamiento
ella probablemente de buena fe, garantizó a la apelada que
no tenía ningún motivo para sospechar que Orta pagaría el
importe adeudado por él durante la vigencia del arrenda-
miento. Posteriormente surgió la combinación y rebaja de
la deuda con la intervención activa de la apelante. Por lo
menos ella tomó parte en la combinación, y en una combi-
nación o conspiración el acto de uno es el acto de todos. El
hacer alguna cosa los arrendadores o apoyar algo como lo
que aquí se hizo o apoyó era un fraude en contra del arren-
datario dentro de la definición que respecto a fraude da
*Corpus Juris* en el tomo 26, página 1059, la cual es como
sigue: "El fraude en su sentido genérico especialmente
como se usa la palabra en las cortes de equidad, comprende
todos los actos, omisiones y ocultaciones que envuelven un
incumplimiento de un deber legal o equitativo y que trae por
consecuencia un daño a otra persona." Sin aceptar necesa-
riamente la anterior definición como última palabra, hubo en
este caso un incumplimiento tan fuerte de un deber legal y
equitativo que convierte la actuación de la apelante en frau-
dulenta y que da derecho a la apelada al ejercicio de una
acción por fraude. En 26 C. J., página 1101, también se
dice que las insinuaciones que se convierten en falsas pue-
den llegar a constituir fraude si las partes que las hacen in-
tervienen para hacerlas falsas.

La apelante también alega haberse cometido error al no
haber la corte sentenciadora emitido una opinión razonada
exponiendo los hechos y las conclusiones de derecho, pero

el caso de *Paganacci* v. *Lebrón* 24 D. P. R. 796, es terminante sobre este punto.

Con la excepción de la cuantía de los daños los demás señalamientos de error están tratados en nuestra anterior discusión.

Sobre la cuantía de los daños, aparece que Bujosa & Jaume convinieron con Orta y su causahabiente en retener el edificio mediante el pago de una renta mayor o sea $25 mensuales.   La corte, por tanto, dictó sentencia por 29 meses a razón de $25 mensuales, o sean $725, siendo el primer mes a razón de $200.   La apelante alega que el cálculo de 29 meses es erróneo.   Encontramos, sin embargo, una manifestación en los autos de que Bujosa & Jaume continuaron trabajando en la panadería, pagando la renta aumentada por el resto del tiempo independientemente de la presunción de que seguiría la renta aumentada.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Aldrey.

El Juez Asociado Sr. Hutchison firmó "Conforme con la sentencia y opinión excepto el párrafo que ratifica la doctrina de *Paganacci* v. *Lebrón.*"

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.